UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TROY A. TYLER, on his own
behalf and others similarly situated,

    Plaintiff,

v.

WESTWAY AUTOMOTIVE SERVICE
CENTER, INC., a Florida corporation, and
BRETT HOLCOMBE, individually,

    Defendants.

_____/

CASE NO. 02-61667-CIV-DIMITROULEAS

Magistrate Judge Torres



FILED by _____ D.C.

MAR 3 0 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER APPROVING REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon the Report and Recommendation of Magistrate Judge Edwin G. Torres, entered on March 9, 2005. [DE-172]. The Court has considered Defendants' Objections to the Report and Recommendation, filed herein on March 25, 2005 [DE-173], and being otherwise fully advised in the premises, the Court finds as follows:

On March 9, 2005, Magistrate Judge Torres entered a Report and Recommendation ("R&R") wherein he recommended that Plaintiff's Motion for Attorneys' Fees and Reasonable Expenses of Litigation be granted in part. In that R&R, Magistrate Judge Torres recommended that 32.7 hours be deducted for excessive, duplicative, and vague billing, that 22.1 hours be deducted for unsuccessful claims, and that the fees sought for the services of Plaintiff's expert Walter C. Jones, IV, be disallowed. Accordingly, Magistrate Judge Torres recommended that the Plaintiff be awarded $59,040.00 in attorneys' fees for Gregg I. Shavitz ($300.00 per hour multiplied by 196.80 hours), $4,875.00 in attorneys' fees for Christine M. Duignan ($250.00 per hour multiplied by 19.50 hours), and that $4,291.30 be awarded in costs for a total of $68,206.30.



On March 25, 2005, Defendants filed their Objections to the R&R wherein Defendants requested that the Court further reduce the recommended award of attorneys' fees. In support of their request, Defendants made the following objections: (1) the amount of the lodestar, as determined by the Magistrate Judge, was not supported by the record or by applicable law; and (2) the record evidence was overwhelming and undisputed that Plaintiff's counsel "churned" this litigation.[1] With respect to Defendants' first objection that the amount of the lodestar was not supported by the record or by applicable law, Defendants contend that the lodestar should have been adjusted downward based upon the following three factors: (1) the novelty and difficulty of the questions; (2) the amount involved and the results obtained; and (3) the undesirability of the case.

Accordingly, the Court notes that the starting point in awarding attorneys' fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. Loranger v. Stierheim, 10 F.3d 776, 781 (1994). However, fee applicants must exclude hours that are excessive, redundant, or otherwise unnecessary. ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999). Generalized statements that the time spent was reasonable or unreasonable are not particularly helpful and are not entitled to much weight. Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988). Moreover, the Supreme Court has established a strong presumption that the lodestar represents the reasonable fee. See City of Birmingham v. Dague, 505 U.S. 557, 562 (1992). Under certain

---

[1] As indicated in their Objections, Defendants do not contest the award of $4,291.30 in costs. (Defendants' Objections at 1 n.1.)

circumstances, however, the lodestar may be adjusted for the results obtained. Hensley, 461 U.S. at 435-37.

In Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), the court identified a list of twelve factors to consider in determining the reasonableness of an attorneys' fee award. These factors included: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Id. Although the balancing test in Johnson has been displaced by the lodestar formula, the Eleventh Circuit has expressed its approval of district courts considering the Johnson factors in establishing a reasonable hourly rate. Loranger, 10 F.3d at 781 n.6.

Although the Defendants argue that this case was not complex, the Court notes that any lack of complexity was made up for in the aggressiveness in which both parties litigated this case. See City of Riverside v. Rivera, 477 U.S. 561, 580 n.11 (1986) (stating that a party cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the other party in response). Here, the Court notes that even though a case may not be considered complex, or involve novel or difficult legal questions, the manner in which the parties choose to litigate a case can result in the accrual of substantial attorneys' fees.

With respect to Defendants' claim that Magistrate Judge Torres failed to address the decision in Comon v. Mr. Glatt Mart, Inc., Case No. 02-80064-CIV-ZLOCH, wherein that court

3

found that a reasonable hourly fee for Mr. Shavitz was $200.00 per hour, the Court notes that Plaintiff cited other cases in this jurisdiction where Mr. Shavitz was awarded $300.00 per hour. See Sadoth Morales v. Stirling Hotel Employee's, Inc., Case No. 01-7878-CIV-DIMITROULEAS; Desjardins v. Nat'l Security and Intelligence Agency, LLC, Case No. 03-22389-CIV-JORDAN; Katrena Bell v. Little Stars Learning Center, Inc., Case No. 03-80002-CIV-HURLEY; Duguel Dorsica v. Elite Guard and Patrol Servs., Case No. 03-80534-CIV-RYSKAMP.[2]

Additionally, Defendants object that the amount involved and the results obtained do not warrant the recommended amount of attorneys' fees. Initially, the Court notes that proportionality between actual recovery and attorneys' fees is not required. Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 558 (7th Cir. 1999). Although Defendants cite Goss v. Killian Oaks House of Learning, 248 F. Supp. 2d 1162 (S.D. Fla. 2003), for the proposition that a vast disparity between actual recovery and attorneys' fees requires an across the board reduction, the Goss court found that the plaintiff's counsel had engaged in a pattern of activity calculated to churn the file and "extract as much attorney's fees as possible." Id. at 1168-69.

Here, the Court notes that the instant case was litigated over an eighteen (18) month period with the end result being a jury verdict in favor of the Plaintiff. Although the Court recognizes the difference between the actual amount recovered and the recommended amount of attorneys' fees, considering the fairly aggressive nature in which both parties litigated this case, the Court will not order a downward adjustment of the lodestar. The Court notes that a lodestar figure based upon a reasonable number of hours spent on a case multiplied by a reasonable

---

[2]Defendants do not specifically object to Mr. Shavitz or Ms. Duignan's fee per hour. Primarily, Defendants argue that the Magistrate Judge should have made a downward adjustment of the lodestar figure.

hourly rate is itself strongly presumed to be reasonable. See RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1150 (11th Cir. 1993) (stating that courts have severely limited the instances in which a lawfully found lodestar amount may be adjusted to a higher or lower level). Moreover, given the nature of damages in FLSA cases, it is not uncommon that attorneys' fees will be disproportionately large. See Heder v. City of Two Rivers, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003).[3]

Defendants' second main objection to the R&R is that the record evidence was "overwhelming and undisputed" that Plaintiff's counsel churned this litigation.[4] In support of their argument, Defendants point to an Order denying a Motion to Dismiss wherein this Court warned Plaintiff about possible Rule 11 sanctions. [DE-70].[5] Moreover, Defendants claim that the Plaintiff only attempted to voluntarily dismiss Defendant Goldstein for fear of being sanctioned by the Court. Although this decision may not have been in furtherance of an effort to settle this case, without more, such evidence does not warrant the conclusion that Plaintiff's counsel "churned" this litigation. Additionally, the Court notes that various settlement offers were rejected by the Defendants which would have resulted in far less attorneys' fees than requested in the instant Motion. Accordingly, from this Court's perspective, any contention that

---

[3]Defendants also object that the Magistrate Judge's Report and Recommendation did not address their argument that a FLSA case is not an undesirable case for an attorney to litigate. Although Defendants point to this factor in support of their argument that the lodestar was not supported by the record or by applicable law, the Court notes that there are many factors to consider in determining whether a downward adjustment is warranted. See Johnson, 488 F.2d at 717-19. Accordingly, considering that "undesirability of the case" is only one of many factors to consider, the Court finds no error in the Magistrate Judge deciding not to elaborate on this point.

[4]Magistrate Judge Torres found no record evidence showing that Plaintiff's attorney churned the file to increase his fees.

[5]The Court notes that Goldstein's Motion for Sanctions was eventually denied. [DE-92].

the Plaintiff "churned the file" fails to recognize the overly aggressive nature in which both parties litigated this case.

Wherefore, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation of Magistrate Judge Torres, entered on March 9, 2005 [DE-172] is **APPROVED**.

2. Defendants' Objections to the Report and Recommendation, filed herein on March 25, 2005 [DE-173] are **OVERRULED**.

3. Plaintiff's Motion for Award of Attorneys' Fees and Reasonable Expenses of Litigation [DE-146] is **GRANTED IN PART**.

4. Judgment is hereby entered in favor of the Plaintiff, Troy A. Tyler, and against the Defendants, Westway Automotive Service Center, Inc. and Brett Holcombe, for attorneys' fees and costs in the total amount of $68,206.30, consisting of $59,040.00 in attorneys' fees for Gregg I. Shavitz ($300.00 per hour multiplied by 196.80 hours), $4,875.00 in attorneys' fees for Christine M. Duignan ($250.00 per hour multiplied by 19.50 hours), and $4,291.30 in costs.

5. This judgment shall bear interest at the rate of 3.38% per annum from the date of this judgment, for which let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of March, 2005.

WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Gregg I. Shavitz, Esq.
Michael A. Levin, Esq.